# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| ANGEL TURNBOW,<br><br>          Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.<br><br>Serve: c/o Corporation Service Company<br>       100 Shockoe Slip, Fl. 2<br>       Richmond, VA 23219<br><br>          Defendant. | Case No.: 3:20-cv-00953<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Angel Turnbow ("Plaintiff" or "Ms. Turnbow"), by and through her attorneys, alleges the following against Defendant, Capital One Bank (USA), N.A. ("Capital One" or "Defendant"):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2. Jurisdiction of the court arises under 28 U.S.C. §§1331 and 47 U.S.C. §227.

3. Federal question jurisdiction exists because Capital One's conduct violates Ms. Turnbow's rights under the TCPA, a federal statute.

4. Capital One's decisions regarding the credit cards at issue are made in Virginia.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that Capital One resides in the Eastern District of Virginia.

6. Capital One has a principal place of business within the geographic boundaries of the Richmond Division of the Eastern District of Virginia. Therefore, personal jurisdiction and venue are established.

## PARTIES

7. Ms. Turnbow is a natural person residing in Bossier Parish, Louisiana.

8. Capital One is a creditor with a principal place of business and registered agent located in Richmond, Virginia.

9. Capital One acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect one or more alleged debts from Ms. Turnbow.

11. Capital One's credit card service agreement contains a choice of law

provision that provides that the decision to grant credit is made in Capital One's Virginia offices and is governed by Virginia and federal law.

12. In or around May 2020, Capital One began calling Ms. Turnbow's cellular phone number ending in 9558.

13. On or about May 20, 2020, at approximately 9:37 a.m., Ms. Turnbow received a call on her cell phone from (800) 955-6600; Ms. Turnbow noticed a series of beeps, tones or clicks and an unusually long delay before Defendant's agents began to speak, consistent with the use of an automated telephone dialing system.

14. During this conversation, Ms. Turnbow spoke with a representative who indicated that Defendant was attempting to collect a debt.

15. Ms. Turnbow informed the representative that that Capital One should contact through the mail only.

16. Despite Ms. Turnbow's revocation of consent to be called, Defendant began an automated campaign of harassing debt collection calls to Ms. Turnbow's cell phone.

17. The calls mainly originated from (800) 955-6600, which, upon information or belief, owned or operated by Defendant.

18. Between May 20, 2020 and November 31, 2020, Defendant called Ms. Turnbow on her cellular phone approximately one hundred (100) times after Ms. Turnbow revoked consent to be called.

19. Defendant called Ms. Turnbow almost every day, including the weekends.

20. Defendant called Ms. Turnbow multiple times a day on a regular basis.

21. Upon information and belief, Defendant also called or texted, or attempted

to call or text friends and family of Ms. Turnbow with the intention that they would communicate to Ms. Turnbow that Defendant was attempting to collect a debt from him, causing Ms. Turnbow additional embarrassment and distress.

22. Upon information and belief, Defendant called Ms. Turnbow and delivered prerecorded or artificial voice messages.

23. Upon information and belief, Defendant's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

24. Defendant's conduct was especially unreasonable because it called relentlessly shortly after Ms. Turnbow had explained the reason why she did not have money to repay and expressly revoked consent to be called.

25. Defendant's conduct was not only knowing and willful but was done with the intention of causing Ms. Turnbow such distress, so as to induce her to pay the debt.

26. The frequency and methodology of Capital One's calls could reasonably be expected to harass Ms. Turnbow.

27. Capital One's conduct was highly offensive, oppressive and outrageous, and exceeded reasonable collection efforts. Capital One's conduct was especially unreasonable because shortly after Ms. Turnbow explained that she wanted to be contacted through the mail only, Capital One called her soon thereafter and the calls were relentless.

28. Each and every one of Defendant's telephone calls caused Ms. Turnbow distraction and temporary loss of use of her telephone line.

29. As a result of Defendant's conduct, Ms. Turnbow has sustained actual

damages including, but not limited to, lost time, stress, anxiety, embarrassment, anguish, severe emotional and mental pain and anguish.

30. Ms. Turnbow's injuries are the very type of injuries that the TCPA was passed by Congress to protect people from.

31. The protections and the remedies engrossed in the TCPA are the types of protections and remedies that spring from common law invasion of privacy and intrusion upon seclusion.

## COUNT I
## Violations of the TCPA, 47 U.S.C. §227

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

> a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Ms. Turnbow on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. §227, Ms. Turnbow is entitled to declaratory judgment that Defendant's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Ms. Turnbow is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Angel Turnbow respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A. for the following:

    A. Declaratory judgment that Defendant violated the TCPA;

    B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

    C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

    D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law;

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Angel Turnbow hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

**Angel Turnbow**

DATED: December 13, 2020                By:            /s/
                                        Susan M. Rotkis (VSB: 40693)
                                        PRICE LAW GROUP, APC
                                        382 S. Convent Ave.
                                        Tucson, AZ 85701
                                        T: (818) 600-5533
                                        F: (818) 600-5433
                                        E: susan@pricelawgroup.com
                                        *Attorneys for Plaintiff,*
                                        *Angel Turnbow*